

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 17, 1965

*Superseded by*
*M. 1006 in part*

Hon. Robert S. Calvert
Comptroller of Public Accounts
State Capitol
Austin, Texas

Opinion No. C-510

Re: What is definition of
"key official" as used
in Section 14(a) of House
Bill 12, Acts 59th Legis-
lature, 1965, and questions
relating to rate of reim-
bursement allowable pur-
suant to such section?

Dear Mr. Calvert:

In your letter of August 12, 1965, requesting an
opinion of this office, you set forth certain questions relating
to Article V, Section 14(a) of House Bill 12, which provides in
part as follows:

"The rate of reimbursement to executive
heads and key officials for travel in their
perscnally-owned airplanes within the bound-
aries of the State of Texas and between points
of necessary official business shall be sixteen
(16) cents per highway mile."

Your questions read as follows:

"1. A definition of a key official as
it applies to this provision?

"2. Does this provision only apply to
mileage within the boundaries of Texas?

"3. If your answer to Question #2 is in
the affirmative, what rate of mileage should
be allowed for out-of-state travel?

"4. What rate of mileage should be
allowed for State employees other than execu-
tive heads and key officials within and with-
out the State?"

-2403-

At the outset we recognize that a statute will not be declared void for vagueness and uncertainty where its meaning may be implied, or where it employs words in common use, or words commonly understood, or words previously judicially defined, or having a settled meaning in law, or a technical or other special meaning well enough known, or an unmistakable significance in the connection in which they are employed. 71 A.L.R.2d 816. Generally, statutory construction requires that each sentence, clause, phrase, and word be given effect if reasonably possible, and this rule applies even though the Legislature has not defined a particular word or phrase, and in absence of such a definition, the words of the enactment will usually be given their ordinary meaning. Eddins Wulcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93 (1957).

The term "key officials" as set forth in House Bill 12, Article V, Section 14(a), has never been judicially defined and has no settled meaning in the law. Webster's Unabridged International Dictionary contains no common or ordinary definition of the term. However, the adjective "key" is defined as "the mainstay; a leading individual or principle." It is our opinion that an attempt to set forth those State officials who are the mainstays, leading officials, or leading individuals, is a fruitless and frustrating task. In Beaumont Traction Co. v. State, 122 S.W. 615 (Tex.Civ.App. 1909, no hist.) at page 618 the Court, in construing the term "each offense" in a statute imposing penalties, said:

> ". . .We must confess that we feel like we are groping in the dark when we endeavor to determine what shall constitute 'each offense,' for which a separate penalty is imposed. Shall it be each trip of each car, or each day's operation, or may the officers of the state make as many or few offenses as they may choose, to be determined by the frequency of suits filed for the recovery of such penalties? Courts ought not to be required to make a blind guess at the intention of the Legislature, which would be merely 'to allow conjectural interpretation to usurp the place of judicial exposition.'
> . . ."

No statute defines the term "key official" or demonstrates legislative intention as to its meaning. The Legislature neither defines this term in House Bill 12, Article V, Section 14(a) nor demonstrates its intention in other sections of House Bill 12 as to those persons to be designated "key officials." In answer to your first question, it is our opinion that the term "key officials"

is so vague and uncertain in meaning and application as to be incapable of definition.

However, even though the term "key official" is meaningless, the remaining provisions of Article V, Section 14(a), House Bill 12, may be construed so as to give them full meaning and effect.

Article 6823a, Section 2, Vernon's Civil Statutes, provides in part as follows:

"Sec. 2. . . .Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education."

It is our opinion that the definition of "heads of state agencies" in Article 6823a, Section 2, is the proper definition for "executive heads" as used in Section 14(a), Article V, of House Bill 12, Acts 59th Legislature, 1965. Officials specifically designated in Article 6823a, Section 2 are: elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution; appointed state officials; appointed state officials whose appointment is subject to Senate confirmation; directors of legislative interim committees or boards; heads of state hospitals and special schools; and heads of state institutions of higher education. In addition, it is our opinion that "executive heads" include First Assistants and Chief Deputies in the various State offices and departments, who are authorized by statute to act for such office or department in the absence of, illness or inability to act, of the head of such office or department. Attorney General's Opinion No. C-477.

In answer to your second question, it is our opinion that the provisions of House Bill 12, Section 14(a), Article V, apply only to mileage within the boundaries of Texas. Reimbursement may be obtained within the provisions of said Act when such travel is between points of necessary official business within the boundaries of the State of Texas.

In answer to your third question, it is our opinion that no provision of the Appropriation Act, House Bill 12,

allows for rate of mileage reimbursement to those persons traveling in their personally-owned airplanes outside the boundaries of the State of Texas.

In answer to your fourth question, State employees other than "executive heads" as defined above, are not included for reimbursement within the provisions of House Bill 12, Article V, Section 14(a).

## S U M M A R Y

The term "key officials" as used in Section 14(a), Article V of House Bill 12, Acts 59th Leg., the General Appropriation Bill for 1965-1966 is so vague and uncertain in meaning and application as to be incapable of definition.

"Executive heads" who receive reimbursement of sixteen cents per highway mile for travel in their personally-owned airplanes on official business within the boundaries of the State of Texas are those persons coming within the terms of Article 6823a, Section 2, including a First Assistant or Chief Deputies authorized by statute to act for such offices in absence of the head of such office. Atty. Gen. Op. C-477.

The provisions of House Bill 12, Section 14(a), Article V, do not allow reimbursement to "executive heads" traveling in their personally-owned airplanes outside the boundaries of the State of Texas.

State employees other than "executive heads" are not included for reimbursement within the provisions of House Bill 12, Article V, Section 14(a).

Very truly yours,

WAGGONER CARR
Attorney General

By:
    Gordon Houser
    Assistant

GH:mkh

Hon. Robert S. Calvert, page 5 (C-510)


APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Charles Swanner
Paul Phy
Mario Obledo

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright